IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

GREAT FALLS DIVISION

| | | |
|---|---|---|
| RONALD LA COSS, | ) | |
| | ) | |
| Plaintiff, | ) | CV-10-63-GF-SEH-RKS |
| | ) | |
| | ) | FINDINGS AND |
| MICHAEL J. ASTRUE, | ) | RECOMMENDATIONS |
| COMMISSIONER OF SOCIAL | ) | |
| SECURITY, | ) | |
| | ) | |
| Defendant. | ) | |

Plaintiff Mr. Ronald La Coss seeks judicial review of the decision of Defendant, Commissioner of Social Security ("Commissioner"), denying his applications for Disability Insurance Benefits("DIB") under Title II of the Social Security Act, 42 U.S.C. §§ 401-433, and for Supplemental Security Income benefits under Title XVI of the Social Security Act, 42 U.S.C. §§ 1381-1383f. Jurisdiction vests pursuant to 42 U.S.C. § 405(g). This case was reassigned to the undersigned for the submission of proposed findings and recommendations by

United States District Judge Sam E. Haddon on January 3, 2011. Now pending are the parties' motions for summary judgment (C.D. 13, 21). Having considered the issues raised by the parties, together with the administrative record, Mr. La Coss' motion should be granted, and the Commissioner's motion should be denied.

## I. PROCEDURAL BACKGROUND

Plaintiff filed his application for SSI on December 21, 2004, alleging an onset date of December 2, 2004. Tr. at 91-93. His application was denied initially on April 5, 2005. *Id.* at 88. A request for reconsideration was filed on May 16, 2005 and denied on June 27, 2005. *Id.* at 84-85. A hearing was held on July 11, 2006. *Id.* at 737-792. The ALJ denied benefits on October 25, 2006. *Id.* at 84. On December 26, 2006, Plaintiff submitted a Request for Review of Hearing to the Appeals Council. *Id.* at 54. The Council remanded Plaintiff's case to the ALJ on June 29, 2007. *Id* at 49-53. A hearing on Plaintiff's remand was held January 9, 2008. *Id.* at 37. A denial of benefits was issued by the ALJ on April 2, 2008. *Id* at 18-37. Mr. La Coss appeals this decision.

## II. STANDARD OF REVIEW

The Court's review in this case is limited. The Commissioner's decision may be set aside only where the decision is not supported by substantial evidence or where the decision is based on legal error. *Maounis v. Heckler*, 738 F.2d 1032,

1034 (9th Cir. 1984) (citing *Delgado v. Heckler*, 722 F.2d 570, 572 (9th Cir. 1983)). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971). Substantial evidence has also been described as "more than a mere scintilla" but "less than a preponderance." *Desrosiers v. Sec. of Health and Human Servs.*, 846 F.2d 573, 576 (9th Cir. 1988). The District Court must consider the record as a whole, weighing both the evidence that supports and detracts from the Commissioner's conclusion. *Green v. Heckler*, 803 F.2d 528, 530 (9th Cir. 1986) (citing *Jones v. Heckler*, 760 F.2d 993, 995 (9th Cir. 1985)). While the Court may not substitute its findings for those of the Commissioner, *Palmer v. Celebrezza*, 334 F.2d 306, 308 (3rd Cir. 1964), it may reject the findings not supported by the record.

### III.  BURDEN OF PROOF

A claimant is disabled for purposes of the Social Security Act if: (1) the claimant has a "medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months," and (2) the impairment or impairments are of such severity that, considering the claimant's age, education, and work experience, the claimant is not only unable to perform previous work, but

also cannot "engage in any other kind of substantial gainful work which exists in the national economy." *Schneider v. Commr. of Soc. Sec. Admin.*, 223 F.3d 968, 974 (9th Cir. 2000) (citing 42 U.S.C. §1382(a)(3)(A)-(B)).

In determining whether a claimant is disabled, the Commissioner follows a five-step sequential evaluation process. *Corrao v. Shalala*, 20 F.3d 943, 946 (9th Cir. 1994) (citing 42 U.S.C. § 1382C(a)(3)). If the Commissioner finds that a claimant is disabled or not disabled at any step in this process, the review process is terminated. *Id.* At step one, the claimant must show she is not currently engaged in substantial gainful activity. *Id.* At step two, the claimant must show she has a severe impairment. *Id.* At step three the ALJ must determine whether a claimant's impairment meets or equals the criteria of the listing of impairments. Step four provides that if the claimant does not have a listed impairment, then the claimant must establish a prima facie case of disability by showing an inability to engage in past work because of the medical impairments. *Id.* If that case is made, at step five the burden shifts to the Commissioner to prove that the claimant can engage in other types of substantial gainful work existing in the national economy given the claimant's age, education, work experience and residual functional capacity ("RFC"). *Jones*, 760 F.2d at 995.

## IV. DISCUSSION

The parties agree the ALJ's determinations at steps one, two, and three were correct. C.D. 14, p. 4; C.D. 22, p. 2. The ALJ found Mr. La Coss has not engaged in substantial gainful activity since December 2, 2004 at step one. At step two, the ALJ found Mr. La Coss has the following severe impairments: coronary artery disease with single vessel coronary artery bypass surgery in March 2001, Type II diabetes mellitus, gout, obstructive sleep apnea, asthma/chronic obstructive pulmonary disorder (COPD), obesity, history of transitional cell cancer of the bladder, depression, and post-traumatic stress disorder (PTSD). Tr. 23.

At step three the ALJ found none of Mr. La Coss' impairments or combination of impairments met the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1. Tr. 24.

Next the ALJ considered Mr. La Coss' RFC, or his ability to do physical and mental work despite his severe and non-severe impairments. Tr. 28. In making this determination, the ALJ must evaluate the intensity, persistence, and limiting effects of the claimant's symptoms. If statements about these factors are not substantiated by the medical record, the ALJ must determine the credibility of the claimant's statements. 20 C.F.R. § 416.929. The ALJ found Mr. La Coss' impairments could reasonably produce the alleged symptoms, but he was not

credible to the extent his statements deviated from the RFC finding. Tr. 29. Mr. La Coss does not dispute this finding.

**VA DISABILITY DETERMINATION**

At step four, the ALJ found Mr. La Coss was capable of performing his past relevant work as a voucher clerk. Tr. 36. Thus, Mr. La Coss was not disabled under 20 CFR 404.1520(f). Tr. 36. Mr. La Coss argues the ALJ erred by not properly considering his VA disability determination of unemployability. C.D. 14, p. 5. Specifically, Mr. La Coss argues the ALJ did not provide the "persuasive, specific valid reasons" required by McCartey v. Massanari, 298 F.3d 1072 (9th Cir. 2002) for not giving the VA disability determination great weight. Mr. La Coss argues the ALJ's reasoning that VA disability determinations are entitled to less weight because they are made by non-examining lay-people is insufficient because Social Security Disability determinations are also made by non-examining lay-people. C.D. 14, p. 7. He argues the ALJ focused narrowly on Mr. La Coss' ejection fraction[1] in considering his heart condition, when the evaluation for acute congestive heart failure is based on several criteria, which he met. Id. at p. 8.

---

[1]Ejection fraction is a measurement of the percentage of blood leaving your heart each time it contracts.
http://www.mayoclinic.com/health/ejection-fraction/AN00360, accessed August 22, 2011.

The Commissioner argues the ALJ had sufficient reasons for giving the VA disability determination less weight because he found the medical evidence did not support disability under the Commissioner's criteria. The ALJ noted that Mr. La Coss' ejection fraction appeared to be increasing, and the VA relied on an October 2004 cardiac catheterization instead of a November 2005 EKG, to Mr. La Coss' benefit, because the latter was of poor technical quality. C.D. 22, p. 3-4. The Commissioner further argues McCartey is contrary to Mr. La Coss' case because in McCartey the ALJ did not even mention the VA finding in his opinion, whereas here the ALJ discussed it in depth. Id.

On June 2, 2005, the VA determined Mr. La Coss was 20 percent disabled due to his type II diabetes; he was entitled to individual unemployability effective December 3, 2004; and was 60 percent disabled due to coronary artery disease, left ventricular hypertrohpy, hypertension, and glomerulonephritis. Tr. 117. On March 21, 2006, the VA continued Mr. La Coss' 60 percent disability for his heart condition and his individual unemployability. Tr. 567. On June 30, 2006, the VA verified that Mr. La Coss was rated 100 percent disabled. Tr. 147. Mr. La Coss was determined unemployable because when he left his job with Homeland Security on December 2, 2004, he had missed over 250 work hours in the past year due to illness. Tr. 118. The VA thus found him incapable of obtaining and

maintaining substantially gainful employment. Tr. 118.

The ALJ did not have the "persuasive, specific, valid reasons" required by McCartey to disregard Mr. La Coss' VA disability determination. "In an SSD case an ALJ must ordinarily give great weight to a VA determination of disability." McCartey, 298 F.3d at 1076. Some circuits grant the VA determination only some weight. The 9th circuit grants VA determinations great weight because of the marked similarity of the two disability programs. Id. "Both programs evaluate a claimant's ability to perform full-time work in the national economy on a sustained and continuing basis; both focus on analyzing a claimant's functional limitations; and both require claimants to present extensive medical documentation in support of their claims." Id. However, because the VA and SSA's disability criteria are not identical, "the ALJ may give less weight to a VA disability rating if he gives persuasive, specific, valid reasons for doing so that are supported by the record." Id.

The ALJ's substantive reasons for disagreeing with the VA are: (1) the VA gave Mr. La Coss the benefit of the doubt by using his October 2004 cardiac catheterization ejection fraction rating rather than his November 2005 EKG because it was of poor technical quality, (2) the September 2005 EKG showed 55 percent ejection fraction which does not equal a 60 percent disability rating, (3) the

VA acknowledged no change in Mr. La Coss' heart condition in the November 2005 evaluation, and (4) the VA determination is made by a non-examining non-medical individual. Tr. 35.

The ALJ did not give any reason why he believed the VA erred by using a better quality and more accurate test in evaluating Mr. La Coss' heart condition. He merely stated that it appeared the VA gave Mr. La Coss the benefit of the doubt by doing so. Tr. 35. The VA said in its evaluation:

> [w]hen after careful consideration of all procurable and assembled data a reasonable doubt arises regarding the degree of disability such doubt will be resolved in favor of the claimant. Resolving any reasonable doubt your condition remains consistent with a 60 percent evaluation. The echocardiogram of November 2005 is not of the same technical quality as other tests of record and there has been no change in your symptoms related to your cardiac condition.

Tr. 569.

The November 2005 EKG showed an improvement in ejection fraction to 70-80 percent, but the VA determined it was not of sufficient technical quality to be reliable. The October 2004 test was a cardiac catheterization, which is an invasive procedure the VA said was more accurate than an EKG. Tr. 569. Significantly, the VA also determined the later EKG was not consistent with the other evidence of record. Tr. 569. The ALJ does not point to any evidence showing that the November 2005 EKG was reliable, or why the VA erred in not

relying on it.  He also does not point to specific evidence in the record showing this EKG is consistent with an improved heart condition.  He notes that the VA acknowledged there has been no change in Mr. La Coss' heart symptoms, but does not explain why this supports his conclusion that the VA was wrong by continuing 60 percent disability.  Mr. La Coss' heart condition had neither improved nor deteriorated, so the VA maintained his disability rating at 60 percent.  The ALJ does not persuasively explain why this was wrong.

Also, the ALJ did not acknowledge any of the other factors comprising the VA's evaluation.  The 60 percent disability factors regarding Mr. La Coss' heart condition are: whether there is more than one episode of acute congestive heart failure in the past year; or a workload greater than 3 METs[2] but not greater than 5 METs resulting in dyspnea, fatigue, angina, dizziness, or syncope; or left ventricular dysfunction with an ejection fraction of 30 to 50 percent.  Tr. 568.  The VA determined these factors and Mr. La Coss' overall heart condition had not changed since his previous disability evaluation.  His heart condition was still 60 percent disabling.  Tr. 568-569.

The ALJ's statement that "with an ejection fraction of 55 percent, the VA

---

[2] "One MET (metabolic equivalent) is the energy cost of standing quietly at rest and represents an oxygen uptake of 3.5 milliliters per kilogram of body weight per minute." Tr. 563.

disability rating would not equal 60 percent" (Tr. 35) does not appear to be accurate. Because the disability factors discussed above are separated by the word "or", satisfying any one of the factors leads to a 60 percent disability evaluation. Tr. 568. The ALJ evidently assumed all three factors were required for such a finding, and focused only on the ejection fraction. His failure to analyze the other factors, as the VA did, was error.

The ALJ's reasoning that the VA determination was inadequate because it was made by a non-examining non-medical individual is not persuasive. As Mr. La Coss points out, the ALJ himself is a non-examining non-medical decision-maker. Both the ALJ and the VA determine disability through the claimant's medical records and testimony. The ALJ did not provide any specifics as to why the VA's process for determining disability is inadequate. The fact that the individual assessing disability is in a similar administrative position as the ALJ is not a valid reason for disregarding the VA determination.

In sum, the ALJ erred by not giving the VA disability determination great weight and following their determination that Mr. La Coss is unemployable. The case should be remanded. Having reached this conclusion, the remainder of Mr. La Coss' arguments need not be addressed.

**AWARD OF BENEFITS**

The Court has authority to affirm, modify or reverse the Commissioner's decision "with or without remanding the cause for rehearing." 42 U.S.C. § 405(g); Melkonyan v. Sullivan, 111 S.Ct. 2157, 2163 (1991). The decision whether to remand a case for additional evidence or simply to reverse and award benefits is within the discretion of the Court. Stone v. Heckler, 761 F.2d 530, 533 (9th Cir. 1985). A remand for further proceedings is unnecessary if the record is fully developed and it is clear from the record that the ALJ would be required to award benefits. Holohan v. Massanari, 246 F.3d 1195, 1210 (9th Cir. 2001); Ghokassian v. Shalala, 41 F.3d 1300, 1303 (9th Cir. 1994)(recognizing importance of expediting disability claims). In cases in which it is evident from the record that benefits should be awarded, remanding for further proceedings would needlessly delay effectuating the primary purpose of the Social Security Act, "to give financial assistance to disabled persons because they are without the ability to sustain themselves." Gamble v. Chater, 68 F.3d 319, 322 (9th Cir. 1995).

In this case, Mr. La Coss should be awarded benefits because the record is fully developed and further proceedings are unnecessary. In McCartey, the 9th circuit reversed and awarded benefits even though the ALJ did not consider the VA's finding McCartey 80 percent disabled at all in his decision. McCartey, 298

F.3d at 1076-1077. The Court found Mr. McCartey's VA disability finding was supported by several hundred pages of medical records, and a finding of disability was "clearly required." Id. at 1077. Here, the VA's determination that Mr. La Coss is 100 percent disabled because of his heart condition and diabetes is likewise well supported by the medical records. Although the ALJ recited the standards set forth in McCartey, he did not have valid reasons for disregarding the VA's disability finding. It is therefore recommended that this matter be reversed and remanded for an award of benefits.

Therefore, **IT IS HEREBY RECOMMENDED**

1. Plaintiff's motion for summary judgment be GRANTED.

2. Defendant's motion for summary judgment be DENIED.

3. This matter be REMANDED to the Commissioner for an award of benefits.

DATED this 30th day of August, 2011.

*/s/ Keith Strong*
Keith Strong
United States Magistrate Judge